[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT SCHINDLER'S MOTION FOR SUMMARY JUDGMENT (#164.01)
 FIFTH COUNT
Whether or not there was a power outage outside the building not caused by the movant is not dispositive of this motion. The issue is whether upon the occurrence of such an outage, regardless of its cause, the elevator operated as it should have. Did it shut down immediately and come to a safe stop or did it have a series of sudden free falls. This issue hinges on the question of whether or not there was appropriate contractual maintenance over which the two experts are at odds. This court concludes that the affidavit of Mr. Madison is sufficiently factual so that in conjunction with the plaintiff's documentary evidence upon which he relied, there remains the unresolved material issue of fact concerning whether or not the elevator was properly maintained by the movant, and if not, was it a proximate cause of the plaintiffs injuries.
Motion denied as to the Fifth Count.
 SEVENTH COUNT CT Page 13821
To establish himself as a third party beneficiary, the plaintiff must plead and prove that the contracting parties intended that the promissor assume a direct obligation to him as a third party. The plaintiff has so alleged in purely conclusory terms.
Both sides rely exclusively on the contract language to glean such an intent or the lack of it. Thus court finds nothing in the text of the contract to support the plaintiff's interpretation.
The fact that there was a service agreement between the building owner and Schindler does not, without more, make a user a third party beneficiary. Carroll v. Village Park I RealtyCompany et al. 1998 WL 644731 (Conn super 1998).
However, the movant has so commingled the function of a motion to strike with this motion for summary judgment that it cannot defeat the plaintiffs right to replead. Summary Judgment is granted as to the Seventh count subject to the plaintiffs right to replead.
Licari, J.